

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. B. Satterfield
Firemen's Benefit Commissioner
Austin, Texas

Dear Sir:

Opinion No. O-4804
Re: Related questions pertaining
to benefits provided under
the Firemen's Relief and Re-
tirement Law (House Bill No.
258, Acts of the 45th Legis-
lature; Article 6243e, V.A.C.S.)

We are pleased to comply with your recent letter
reading as follows:

"Several questions have arisen among sev-
eral Volunteer Fire Departments in this section
of the State relative to the Fireman Disability
and Retirement Law (H. B. 258, 45th Legislature).

"Will you please give me an opinion from
your Department on the following questions:

"1. May a person who has been a volunteer
fireman for more than twenty years and who has
reached the age of fifty-five but that the twenty
years was served prior to his reaching the age of
fifty-five and who was not a member of a fire depart-
ment upon reaching said age, receive the benefits pro-
vided therein?

"2. May a person who has been a volunteer mem-
ber of a regularly organized fire department for more
than twenty years but who is not fifty-five years of
age receive the benefits provided therein?

"3. May a person who has attained the age
of fifty-five but has not served actively for

Hon. H. B. Satterfield, Page 2

a period of twenty years in some regularly
organized fire department receive the benefits
thereunder?

"4. May a person who has served a por-
tion of the twenty year period in a regularly
organized fire department of one city and who
has then moved to another town and has served
sufficient years there to make a total of twen-
ty years receive the benefits provided therein?

"5. How many members of a regularly organ-
ized fire department must qualify under the
provisions of said bill in order for any member
to participate in the benefits provided by said
law?"

Section 6, of House Bill No. 258, Acts of the
Forty-fifth Legislature (Article 6243e, V.A.C.S.) reads as
follows:

"On and after the 1st day of April, A.D.
1939, any person who has been duly appointed
and enrolled, and who has attained the age of
fifty-five (55) years and who has served active-
ly for a period of twenty (20) years in some
regularly organized fire department in any city
or town in this State now within or that may
come within the provisions of this Act, in any
rank, whether as wholly paid, part paid or volun-
teer firemen shall be entitled to be retired from
such service or department and shall be entitled
to be paid from the Firemen's Relief and Retire-
ment Fund of that city or town, a monthly pension
equal to one-half of his average monthly salary
not to exceed a maximum of One Hundred Dollars
($100) per month. Such average monthly salary
to be based on the monthly average of his salary
for the five (5) year period preceding the date
of such retirement; provided further, that if
his average monthly salary is Fifty Dollars ($50)
or less per month or if a volunteer fireman with
no salary, he shall be entitled to a monthly
pension or retirement allowance of twenty-five
Dollars ($25)."

Hon. H. B. Satterfield, Page 3

The conditions thus imposed, regarding eligibility for retirement benefits, require that a person be "duly appointed and enrolled"; he must have attained the age of fifty-five years; he must have served actively for a minimum period of twenty years; and the service must have been in some regularly organized fire department within the provisions of the Act. Each of these conditions must exist.

It is our opinion, in answer to your first question, that a person must be a member of a fire department at the time he reaches the age of fifty-five years to be eligible to receive the benefits provided in Section 6 notwithstanding the requirement of twenty years of service may have been fulfilled theretofore. Witness the language of Section 6 "shall be entitled to be retired", obviously implying membership at such time. We construe the twenty years of service condition as a minimum requirement, the absence of which will render a person ineligible upon his attaining the age of fifty-five years until such time as the twenty years of service has been completed.

Your second and third questions are answered in the negative. It is clearly required that a person shall have both reached the age of fifty-five years and served for a minimum period of twenty years before being eligible for the benefits provided in the law.

It is our opinion that your fourth question should also be answered in the negative. Note the terminology of Section 6, relating only to retirement benefits, with emphasis added:

"... any person who has been duly appointed and enrolled, and who has attained the age ... and who has served actively for a period of twenty (20) years in some ... fire department in any city or town ... shall be entitled to be retired from such ... department and shall be entitled to be paid from the Firemen's Relief and Retirement Fund of that city or town ..."

Viewing the Act as a whole in the method provided for the establishment and replenishment of the fund of each

Hon. H. B. Satterfield, Page 4

city or town, and observing the absence of any provision for the transfer of any funds from one city or town to another incident to the change of membership of a fireman from the department of one city or town to that of another, we are constrained to hold that as to retirement benefits the requisite twenty years of service must be in one fire department.

In answer to your fifth question, it is observed that there is no requirement in H. B. 258 regarding the number of members of a fire department which must qualify before any member may participate in the benefits provided therein. Members of a fire department electing not to qualify simply do not participate and are not liable for any salary deductions or payments otherwise required under Section 10 of the Act. Other members of the fire department are not penalized therefor.

APPROVED JAN 10 1942

ATTORNEY GENERAL

ZCS:LM

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Zollie C. Steakley
Assistant


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN